UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:18-cr-112 WBS |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY WILHITE, | |
| Defendant. | |

----oo0oo----

        Defendant, acting pro se, has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) or, in the alternative, "Cares Act home confinement." (Docket No. 46.) A defendant may obtain compassionate release under § 3582(c)(1)(A) only through a motion by the Director of the Bureau of Prisons or upon the defendant's own motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18

1

U.S.C. § 3582(c)(1)(A).

This administrative exhaustion requirement is mandatory. See, e.g., United States v. Meron, No. 2:18-cr-209 KJM (E.D. Cal. Apr. 14, 2020) (citing United States v. Carver, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020)); United States v. Holden, No. 3:13-CR-00444-BR, 2020 WL 1673440, at *10 (D. Or. Apr. 6, 2020); see also Gallo Cattle Co. v. U.S. Dep't of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998) ("[W]hile judicially-created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court."). Here, there is no indication that defendant has made any request to the Bureau of Prisons for his release or that he has exhausted his administrative remedies for any such request. Accordingly, the court will deny the motion without prejudice for failure to exhaust.

Alternatively, even if the court were to reach the merits of defendant's motion, defendant has not shown that "extraordinary and compelling reasons warrant [] a reduction" in defendant's sentence under § 3582(c)(1)(A)(i). The court agrees that as a general matter, the COVID-19 pandemic is an extraordinary event. However, defendant does not identify any factors that place him at a higher risk than any other inmate due to the virus.[1] Simply put, defendant's arguments regarding the

---

[1] Defendant states that he has been diagnosed with "P.T.S.D.," "severe clinical depression," and "A.D.H.D." The court is unaware of any authority finding that such conditions put someone at a greater risk of harm due to the coronavirus.

risk of contracting COVID-19 would apply to everyone in confinement at his current correctional facility, and at a majority of, if not all, federal correctional institutions. Notwithstanding the unprecedented dangers posed by the coronavirus, under these circumstances, defendant has not shown extraordinary and compelling reasons warranting his release at this time. Accordingly, the court will deny defendant's request for relief under § 3582(c)(1)(A)(i) on this alternative ground.

Defendant also requests relief under "the Cares Act." Defendant appears to be referring to the Coronavirus Aid, Relief, and Economic Security Act, or CARES Act, Pub. L. 116-136. The court's examination of the CARES Act indicates that it allows the Bureau of Prisons or Attorney General to provide certain relief to federal inmates. However, defendant does not identify, and the court is unaware of, any relief which this court may provide to defendant under the CARES Act.

IT IS THEREFORE ORDERED that defendant's motion (Docket No. 46) be, and the same hereby is, DENIED.

Dated:  August 4, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE